# Newell *v.* Bradford.

*Bill   to   Remove   Administration   from   Probate   to   Chancery   Court,   and   for   Other   Relief.*

(Decided June 11, 1914.   65 South. 800.)

1. *Executors and Administrators; Settlement of Estate; Partnership; Equity Jurisdiction.*—Where the administration of decedent's estate involves a settlement of partnership transactions between the estate and the administrator, the controversy is peculiarly within the jurisdiction of the court of equity, and it may assume exclusive jurisdiction at the suit of a distributee of decedent.

2. *Same; Parties.*—A bill by a distributee of decedent for the removal of the administration from the probate to the chancery court, and for other relief against administrator, which shows that a proper adjustment of claims and accounts between administrator and decedent will preserve the solvency of decedent's estate, sufficiently shows that complaint has such an interest in the estate as authorizes him to maintain the bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Duke C. Bradford against A. T. Newell, as administrator of William A. Bradford, deceased, and individually, and others, to remove the administration of the estate of the deceased from the probate to the chancery court, and for equitable relief against the administrator and for final settlement. From a decree for complainant, defendant named appeals. Affirmed.

Complainant is a distributee of the estate of William A. Bradford, deceased, and respondents are the administrator as such and individually, and other distributees. The demurrers take the points: (1) That as the estate had been regularly reported as insolvent to the probate court, some special and sufficient equity must be shown as a basis for equitable jurisdiction; and that none is shown. (2) That, in any event, the complainant shows no interest in himself in the assets of the estate which as the bill shows has been reported as insolvent by the sworn declaration of the administrator.

The bill shows: That the administrator was formerly engaged with his intestate in a joint partnership enterprise—the construction of public roads in Dallas county under a contract with said county, for which purpose they had acquired and owned a valuable equipment of personal property. That in March, 1911, by written agreement Bradford acquired all the interest of respondent in said property in said contract for $4,000 ($3,000 being deferred payments) and Bradford's assumption of the existing debts of the firm. That Bradford and his two sons then prosecuted the enterprise until Bradford's death in September, 1911, acquiring in the meantime a large additional supply of mules and harness. That after Bradford's death respondent re-

scinded the contract of sale of his partnership interest to Bradford (as authorized by its terms) and took possession of the entire equipment of Bradford & Sons, including 48 mules, and completed the road construction originally undertaken by Bradford & Newell, and collected therefor the sum of $40,000 as surviving partner of that firm.

It is charged that respondent has made no accounting for any of the joint property taken by him, nor of any of the proceeds of the joint enterprise completed by him; and further that he has filed claims against the estate for $3,000 deferred payment on said sale to Bradford, and also for $3,500 damages for Bradford's breach of contract of purchase. It is especially alleged that upon the disallowance of these claims filed by respondent and a proper charge against them of the money and personal property that he has received as surviving partner of the firm of Bradford & Newell, the estate of said Bradford will be solvent.

The bill prays for a reference and an accounting between respondent as administrator, and respondent as surviving partner of W. A. Bradford, deceased.

FRANK S. WHITE & SONS, and CARMICHAEL & WYNN, for appellant. The appellee complainant had no right, title or interest in and to the subject-matter of this suit after a decree of insolvency by the probate court. —§§ 2756-2766, Code 1907. After report of insolvency is filed the probate court acquires exclusive jurisdiction, and the administration cannot be removed unless the bill sets up some peculiar equities which cannot be administered in the probate court.—*Dolan v. Dolan*, 91 Ala. 152; *Harding v. Pulley*, 79 Ala. 389; *Jackson v. Rowell*, 87 Ala. 685. It is a familiar principle that where two courts have concurrent jurisdiction, the one

which first requires it retains it to the exclusion of the other.—*Hill v. Armstead*, 56 Ala. 120; 3 Mayf. 1197.

C. W. HICKMAN, for appellee. The bill was properly filed under Acts 1911, p. 574, and the allegations of the bill are sufficient to show that the matters of controversy are peculiarly within the jurisdiction of the court of equity.—*Cary v. Simmons*, 87 Ala. 524; *Harlan v. Persons*, 23 Ala. 273; *Beggs v. Edison E. L. Co.*, 96 Ala. 297.

SOMERVILLE, J.—It is clear from the allegations of the bill that the administration of Bradford's estate involves a settlement of partnership transactions and accounts between the administrator and the intestate's estate, such as cannot be adequately handled by a court of probate.

The settlement of a partnership, and the adjustment of the accounts and interests of the copartners, are matters peculiarly of equitable cognizance, and in this case supply the necessary basis for the assumption of exclusive equity jurisdiction.

The bill sufficiently alleges and shows that a proper adjustment of claims and accounts between the administrator and the intestate will preserve the solvency of the estate; and hence it shows that complainant has such an interest in the estate as will authorize his maintenance of this bill.

The demurrer was properly overruled, and the decree of the chancellor will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.